**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daycy Noemi Contreras-Barraza,<br><br>Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>Respondents. | No. CV-25-04796-PHX-KML (DMF)<br><br>**ORDER** |

In responding to the order to show case, respondents reassert their legal position that individuals such as petitioner are subject to mandatory detention. (Doc. 5 at 2.) Respondents concede petitioner is a member of the class certified in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), which rejected that exact position in issuing declaratory relief, vacatur, and final judgment in the class members' favor. (Doc. 5 at 2.) But respondents argue the final judgment entered in *Bautista* was merely declaratory, not injunctive relief requiring they provide bond hearings to class members. (Doc. 5 at 3.) Respondents believe each individual class member must file an individual suit and obtain individualized injunctive relief. (Doc. 5 at 3.)

The court has repeatedly rejected respondents' arguments regarding mandatory detention, and they do not offer anything new. And as federal-government litigants, respondents' arguments regarding the effect of the declaratory judgment in *Bautista* may be seriously flawed. *See Sanchez-Espinoza v. Reagan*, 770 F.2d 202, 208 n.8 (D.C. Cir.

1985) (declaratory judgment "where federal officers are defendants" is "the practical equivalent of specific relief such as injunction or mandamus, since it must be presumed that federal officers will adhere to the law as declared by the court"); *see also Redd v. Guerrero*, 84 F.4th 874, 884-85 (9th Cir. 2023) (discussing presumed effects of declaratory judgments against state-officer defendants); *Badger Cath., Inc. v. Walsh*, 620 F.3d 775, 782 (7th Cir. 2010) ("A litigant who tries to evade a federal court's judgment—and a declaratory judgment is a real judgment, not just a bit of friendly advice—will come to regret it.").

Regardless, based on respondents' concession that petitioner is a member of the *Bautista* class and the court's own analysis—which mirrors not only *Bautista*, but also analysis from the Seventh Circuit's in *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ----, No. 25-3050, 2025 WL 3552514, at *4 (7th Cir. Dec. 11, 2025), and another judge within this district in *Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. Oct. 3, 2025)— in the circumstances of this case, the court grants relief on an individual basis.

**IT IS ORDERED**:

1. Petitioner's petition for writ of habeas corpus (Doc. 1) is **granted**.
2. Within ten days of this order respondents must either release petitioner or provide a bond hearing without regard to *Matter of Yajure Hurtado*.
3. Respondents must provide a notice of compliance within five days.
4. The clerk of court shall enter judgment in petitioner's favor and close this case.

Dated this 31st day of December, 2025.

Honorable Krissa M. Lanham
United States District Judge